Reese, J.
delivered the opinion of the court.
This action was brought on the 7th March, 1843, against the defendant, as endorser of a promissory note made payable to him at the Union Bank, and by him transferred to the Bank by endorsement.
On the trial, John M. Bass was offered as a witness by the plaintiffs, and being sworn and examined on his voir dire, stated, “that he was the President of the Union Bank of Tennessee; that on the 1st Monday of January last, he was appointed by the Governor, a State Director of the Bank; that the Union Bank had at that time some suits pending, and others were expected to be commenced, in which his testimony was import *339 ant to the Bank, as the claims grew out of negotiations in which he acted in the capacity of President or agent in behalf of the Bank, and was the organ of communication between the parties and the board. That with the view of making himself a disinterested witness, he requested Jacob McGavock to offer to Board of Directors, sixty shares of stock of the Bank for a certain piece of real estate, then held by the Bank. His proposition was accepted by the Bank, by a resolution of the Board, and he transfered to Jacob McGavock, on the books of the Bank, all his stock, amounting to some forty-five or six shares. The contract between McGavock and the Bank is not yet completed, but remains to be executed. Doubts being suggested to witness, by the counsel of the Bank, whether the above transfer of his stock and contract for the real estate were sufficient to divest him of his interest in the Bank, because he still, perhaps, had an equitable interest in the stock, he thereon executed to McGavock a full release of all his interest, legal or equitable in said stock or contract.”
Upon this statement, the Circuit Court being of opinion that the witness had a joint interest with the plaintiffs at the commencement of the suit, excluded his testimony from the jury. And the only question before us is, whether in this, the Circuit Court erred?
It is not contended for the defendant here, that the facts which occurred, did not, by the general principle of law, render the witness competent. But he rests the propriety of excluding the witness, as did the Circuit Court, upon the following provision of the act of 1821, ch. 66, sec. 3, commonly called the Champerty act, to wit: “Nor shall any attorney or other person, under the pretext of having transfered their interest in real estate, or obligations for the performance of contracts, .or notes for money, during the pendency of any suit at law, be permitted to give testimony in favor of those who held a joint interest with him, her or them at the commencement of the suit or suits, or by which they themselves could be released from any liability to perform contracts or pay money.”
This provision, it is admitted, is marked by some obscurity, whether considered separately or in connection with the entire *340 scope of the statute of which it forms a part. It is not incumbent at this time, upon the court, to endeavor by an analysis of the statute to remove the obscurity, and designate the cases, which we may deem the provision embraces. It is sufficient to show, that it does not embrace the case of Mr. Bass. The Bank was the owner of the note sued on — the sole owner — Mr. Bass was not, nor was any other stockholder joint owner with it. The ultimate fund to be distributed among the stockholders might be increased or diminished, as the note sued on, might or might not be collected; and that constituted the nature of Mr. Bass’ interest. Surely this is not embraced by the words or the objects of the statute.
A legatee to the amount of one dollar under a will, has an interest to that extent in the estate, but the whole legal title is in the executor, and if he sue to collect a debt, is such legatee, by construction of the statute, to be held a joint owner of the claim sued for, and be prevented from releasing, pending the suit, so as to become a witness? A distributee has an interest in the estate, but it is not a joint interest with the administrator; and shall this statute be construed to prevent him from becoming a witness, if he release pending the suit? Can it have been the object of the legislature to have embraced cases such as those above enumerated? Clearly not. We think, releases in such cases have been of frequent occurrence since 1821, for the purpose of rendering witnesses competent, and no one has hitherto sought to repel the competency by the provision of the act of that year.
We are of opinion, that Mr. Bass should have been received as a witness; and we, therefore, reverse the judgment and remand the cause, &c.